## Case No. 9,430.

### MENZIES v. The AGNES.

[39 Hunt, Mer. Mag. 331.]

District Court, S. D. New York. 1858.

MARITIME LIEN—TIMBER FOR BUILDING—QUANTITY AND VALUE—BURDEN OF PROOF.

This was a libel [by William Menzies against the bark Agnes] to recover for certain timber furnished for the vessel to Erskine for building the same vessel. No direct evidence was given whether the timber was furnished to Erskine or directly to the vessel. But enough evidence was given to raise a presumption that the libelant and Erskine dealt, in respect to the lumber, on the understanding that it was supplied mainly, if not wholly, for the particular vessel.

HELD BY THE COURT (BETTS, District Judge). That this affords adequate ground for lien in favor of the vendor to the value of the material used in the vessel. But it devolves upon the libelant to establish by clear evidence the quantity and value of the material procured for and used in constructing this vessel. Decree for the libelant with reference accordingly.

[See Case No. 4,308.]

---

MEPHAM (BISSELL v.). See Case No. 1,450.

MERCANTILE INS. CO. (FOLSOM v.). See Cases Nos. 4,902 and 4,903.

---

## Case No. 9,431.

### MERCANTILE INS. CO. v. The ORPHAN BOY.

[3 Cin. Law Bul. 593.]

District Court, N. D. Ohio. April Term, 1878.

MARITIME LIENS—UNPAID INSURANCE PREMIUM—OWNERSHIP OF VESSEL—INSURANCE CONTRACTED FOR BY MASTER.

A master of a vessel, who has no proprietary interest in the vessel, but whose wife has such interest, insured the vessel in his own name alone. The insurance company tried to assert a lien on the vessel for the unpaid premium. *Held,* no such lien.

In admiralty.

WELKER, District Judge. The wife of David Becker was the owner of three-fourths of the Orphan Boy. He husband was the master, and acted as her general agent in the management of her part of the vessel. On the 2nd day of April, A. D. 1877, said David Becker, in his own name, took out a policy of insurance in the libelant's company for the sum of $2,000, on which he was to pay a premium of $140. That at the time of the insurance nothing was said of the ownership of the wife to any part of the vessel, or that the insurance was for her benefit; but the company supposed him to be the owner; nor was there any proof that the wife expressly authorized or directed the insurance to be made. The premium was not paid, and this libel is filed to assert a lien on the vessel for such unpaid premium.

Held: 1. That the husband, as master of the vessel, had no authority to make the insurance in his own name. 2. That the husband of the wife had no insurable interest in the wife's interest of the vessel, so as to create a lien upon the vessel for the premium. 3. That the insurance and policy being in the name of David Becker alone, and "not for the interest of all concerned," the company was only liable, if liable at all, to him, and not to the owners of the vessel in case of loss; and he having no insurable interest in the vessel, the policy could not be enforced against the libelants in case of a loss. That, where the policy itself was such as could not be enforced by the owner of the vessel, the insurance thereof created no lien on the same for the premium agreed to be paid. The libel is dismissed with costs.